IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Willie T. Murray, ) | |
| ) | Case No. 5:09CV1793 |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Commissioner of ) | **MEMORANDUM DECISION** |
| Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Appeal's Council's final determination denying his claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act) 42 U.S.C. §§ 416(i) and 423. The parties have consented to have the undersigned Magistrate to conduct such judicial review (Docket No. 22). Pending are the parties' briefs (Docket Nos. 30 & 33). For the reasons set forth below, the Commissioner's decision is affirmed and the case dismissed.

**PROCEDURAL BACKGROUND**

Plaintiff filed an application for DIB on January 21, 2009, alleging disability since May 1, 1987 (Docket No. 18, pp. 32-33). Plaintiff's application was denied initially and upon reconsideration (Docket No. 18, pp. 24-25; 20-22). Plaintiff waived his right to appear and testify at a hearing (Docket

No. 18, p. 9). Administrative Law Judge (ALJ) Dennis James LeBlanc rendered an unfavorable opinion on April 21, 2009 (Docket No. 18, pp. 9-14). On July 25, 2009, the Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner (Docket No. 18, pp. 2-3).

### THE ALJ'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

After consideration of the entire record, the ALJ concluded that:

1. Plaintiff was born June 12, 1946, and was 62 years of age. He was 40 years of age at the time of the alleged onset of disability.

2. Plaintiff's earning records document a total of only 10 quarters of coverage. Therefore, Plaintiff was not fully insured as defined under the Act and he is not entitled to Title II benefits.

3. Plaintiff's had no quarters of credit documents in the 40-quarter period ending in the alleged onset date of disability and does not meet the second requirement of Rule I.

4. Plaintiff is not entitled to Title II benefits as the insured status requirements were not met.

### STANDARD OF REVIEW

This Court exercises jurisdiction over review of the ALJ/Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383 (c)(3). *McClanahan v. Commissioner of Social Security*, 474 F.3d 830, 832-33 (6th Cir. 2006). Judicial review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *Elam ex rel. Golay v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003) (*see Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The decision must be affirmed if the ALJ's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision. 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept.'" *Foster v.*

*Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (*citing Kirk v. Secretary of Health & Human Services*, 667 F.2d 524, 535 (6th Cir. 1981) *cert. denied*, 103 S. Ct. 2428 (1983) (*quoting Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)).  Furthermore, the court must defer to an agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."  *Id*. (*citing Key, supra*, 109 F.3d at 273).

### INSURED STATUS REGULATIONS

The regulations for determining disability insured status, in their entirety, are as follows:

(a) General.  We have four different rules for determining if you are insured for purposes of establishing a period of disability or becoming entitled to disability insurance benefits.  To have disability insured status, you must meet one of these rules and you must be fully insured (see § 404.132 which tells when the period ends for determining the number of quarters of coverage (QCs) you need to be fully insured).

(b) Rule I--You must meet the 20/40 requirement. You are insured in a quarter for purposes of establishing a period of disability or becoming entitled to disability insurance benefits if in that quarter–
    (1)  You are fully insured; and
    (2)  You have at least 20 QCs in the 40-quarter period (see paragraph (f) of this section) ending with that quarter.

(c) Rule II--You become disabled before age 31. You are insured in a quarter for purposes of establishing a period of disability or becoming entitled to disability insurance benefits if in that quarter--
    (1)  You have not become (or would not become) age 31;
    (2)  You are fully insured; and
    (3)  You have QCs in at least one-half of the quarters during the period ending with that quarter and beginning with the quarter after the quarter you became age 21; however--
        (i) If the number of quarters during this period is an odd number, we reduce the number by one; and
        (ii) If the period has less than 12 quarters, you must have at least 6 QCs in the 12-quarter period ending with that quarter.

(d) Rule III--You had a period of disability before age 31. You are insured in a quarter for purposes of establishing a period of disability or becoming entitled to disability insurance benefits if in that quarter--
    (1)  You are disabled again at age 31 or later after having had a prior period of disability established which began before age 31 and for which you were only insured under paragraph (c) of this

3

section; and

    (2) You are fully insured and have QCs in at least one-half the calendar quarters in the period beginning with the quarter after the quarter you became age 21 and through the quarter in which the later period of disability begins, up to a maximum of 20 QCs out of 40 calendar quarters; however–

    (i) If the number of quarters during this period is an odd number, we reduce the number by one;

    (ii) If the period has less than 12 quarters, you must have at least 6 QCs in the 12-quarter period ending with that quarter; and

    (iii) No monthly benefits may be paid or increased under Rule III before May 1983.

    (e) Rule IV--You are statutorily blind. You are insured in a quarter for purposes of establishing a period of disability or becoming entitled to disability insurance benefits if in that quarter–

    (1) You are disabled by blindness as defined in § 404.1581; and

    (2) You are fully insured.

    (f) How we determine the 40-quarter or other period. In determining the 40-quarter period or other period in paragraph (b), (c), or (d) of this section, we do not count any quarter all or part of which is in a prior period of disability established for you, unless the quarter is the first or last quarter of this period and the quarter is a QC. However, we will count all the quarters in the prior period of disability established for you if by doing so you would be entitled to benefits or the amount of the benefit would be larger.

    20 C. F. R. § 404.130 (Thomson Reuters 2010).

    (a) For a period of disability. To establish a period of disability, you must have disability insured status in the quarter in which you become disabled or in a later quarter in which you are disabled.

    (b) For disability insurance benefits.

    (1) To become entitled to disability insurance benefits, you must have disability insured status in the first full month that you are disabled as described in § 404.1501(a), or if later--

    (i) The 17th month (if you have to serve a waiting period described in § 404.315(d)) before the month in which you file an application for disability insurance benefits; or

    (ii) The 12th month (if you do not have to serve a waiting period) before the month in which you file an application for disability insurance benefits.

    (2) If you do not have disability insured status in a month specified in paragraph (b)(1) of this section, you will be insured for disability insurance benefits beginning with the first month after that month in which you do meet the insured status requirement and you also meet all other requirements for disability insurance benefits described in § 404.315.

20 C. F. R. § 404.131 (Thomson Reuters 2010).

## ANALYSIS.

Plaintiff argues that he was employed at the Holiday Inn in Akron, Ohio on a part-time basis. The records are unavailable from Holiday Inn; however, he is convinced that this part-time work will enhance the number of hours needed to comply with the 40-quarter requirement.

The Magistrate is persuaded that SSA's records probably account for the minimal earnings and quarters attained from Plaintiff's part-time employment (Docket No. 18, p. 31). However, judicial review is limited to determining whether there is substantial evidence **in the record** to support the ALJ's findings of fact and whether the correct legal standards were applied. Thus, the Magistrate's review is limited to the evidence in the record relied upon by the ALJ in assessing whether Plaintiff had insured status.

**Rule I.**

There is no evidence that Plaintiff meets the 20/40 requirement. The earnings record shows that Plaintiff acquired ten quarters of coverage throughout his years of employment. In 1966, he earned over $928.24 in wages and acquired two quarters of coverage. In 1967, Plaintiff earned over $3,000 in wages and acquired four quarters of coverage. In 1968, earned over $498 in wages and he accrued one quarter of coverage. In 1969, Plaintiff earned over $50 in wages and acquired one quarter of coverage. In 1973, Plaintiff earned over $100 in wages and acquired another quarter of coverage. Finally, in 1997, Plaintiff earned over $800 and accrued one quarter of coverage (Docket No. 18, p. 30-31).

Clearly, Plaintiff has acquired ten quarters of coverage. He did not acquire at least 20 quarters of coverage during any 40-quarter period as determined consistent with 20 C. F. R. § 404.130(f).

**Rule II.**

Plaintiff was born on June 12, 1946.  He alleged that he became disabled on May 1, 1987.  At the time he became disabled, he was 41 years of age.  Plaintiff does not comply with Rule II since by his own admission, he was not disabled before the age of 31 years.

**Rule III**.

Rule III presumes a period of disability prior to attaining age 31.  Plaintiff does not allege or demonstrate that he had a period of disability before age 31.

**Rule IV.**

Under Rule IV, the claimant must be insured in a quarter for purposes of establishing a period of disability during which the claimant is disabled by blindness and fully insured.  Plaintiff does not assert blindness on any of his applications or allege it in his pleadings.  Accordingly, Plaintiff has not demonstrated compliance with Rule IV.

## CONCLUSION

Since the ALJ employed the correct legal standards and his conclusions are supported by substantial evidence, the decision of the Commissioner is affirmed and the case is dismissed.

**IT IS SO ORDERED**.

> */s/ Vernelis K. Armstrong*
> Vernelis K. Armstrong
> United States Magistrate Judge

Date:   December 28, 2010